LAURA A. WEATHERWAX, APPELLANT, *v.* PETER WOODIN AND OTHERS, RESPONDENTS.

*Advancement — what evidence is insufficient to show that a conveyance from a father to his sons was intended as such.*

APPEAL from a decree of the surrogate of Saratoga county on the final settlement of the estate of Peter S. Woodin, deceased.

The important question on the appeal was, whether a conveyance from the deceased to his sons was intended as an advancement. The intestate died in 1875. February 16, 1858, he and his wife conveyed to his three sons a farm. The consideration expressed in the deed was $7,000. The farm was subject to a mortgage of $4,000. On the 14th of March, 1859, one of the

sons conveyed his share to the two others for the consideration of $1,666.66. At some time, but it did not appear when, one of the daughters made, in a book which the father kept, an entry, under date of March 14, 1859, as follows : " Manly A. Woodin, Dr., to share in the upper farm, $1,666.66," and a like entry as to the two other sons. There was no evidence that this entry was directed by the father, or as to the nature of the book. No other entries were shown ; but only the fact that the book remained in the father's possession.

There was evidence that before the conveyance two of the sons were living in Illinois ; and that the father sent for them, and said to some persons that he had given or would give the boys the old farm if they would come back and pay the mortgage. There was some evidence, too, of money given to the daughters by the father some years before his death.

The court, at General Term, said : " Under the decision in *Sanford* v. *Sanford* (5 Lans., 486), it can hardly be claimed that the entries on the book, made by a sister of the grantees a year after the execution of the deed, could be any evidence against them that the land was not purchased and paid for ; nor is there any evidence as to anything said by the intestate to the sons at the time of the execution of the deed. We have then simply the fact of a conveyance, expressing a pecuniary consideration, and made some seventeen years before the death of the intestate. Part of the consideration — the payment of the mortgage — we know to have been pecuniary in fact. As to the residue we are without any evidence to show that that also was not paid in money. The casual remarks of the intestate to his neighbors, made long since and in the absence of the grantees, are not sufficient to show that the farm was either a gift or an advancement."

*Charles E. Patterson*, for the appellant.

*Cornelius A. Waldron* and *Nathaniel C. Moak*, for the respondents.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J., BOARDMAN and BOOKES, JJ.

Decree affirmed, with costs against appellant.